[No, 6219. Decided September 11, 1906.]

ALEXANDER HERMAN, *Appellant,* v. NORTHERN PACIFIC
RAILWAY COMPANY, *Respondent.*[1]

TROVER AND CONVERSION—RIGHT OF ACTION—RIGHT TO PROPERTY.
When stolen property was taken from the person of the accused
who gave the police officers an order to deliver the same to his at-
torney, but the same came into the posssession of the prosecutor to
whom it belonged, the prosecutor is not liable for a conversion
thereof by reason of the fact that, in order to obtain possession, the
prosecutor entered into an agreement with the attorney to deliver the
same to him at the end of the trial, but thereafter refused to do so;
since the attorney had no right to the property, and there was no
consideration for the agreement.

Appeal from a judgment of the superior court for Spokane
county, Huneke, J., entered March 20, 1906, in favor of

1Reported in 86 Pac. 1068.

the defendant, after a trial on the merits before the court without a jury, in an action for conversion. Affirmed.

*Danson & Williams,* for appellant.
*Edward J. Cannon,* for respondent.

DUNBAR, J.—In the month of July, 1904, one George F. Hammond was arrested in Spokane, charged with bringing into the state stolen property. At the time of his arrest there was taken from his possession $600 in money, a diamond ring, a pair of field glasses, a watch chain and compass, and two large revolvers with scabbards. The value of this property is alleged to have been $815. Immediately after his arrest he employed one George M. Nethercutt as his attorney, and for the purpose of paying Nethercutt gave him an order on the acting chief of police of Spokane for the property above described. In the month of June, prior to said arrest, one of the Northern Pacific Railway Company's trains had been held up by robbers at Bearmouth, Montana, and the express car blown open and certain valuables stolen therefrom. At the time of Hammond's arrest, one Palmer, superintendent of the respondent company, and one McFetridge were in Spokane, attempting to locate the robbers and the stolen property, and it was thought that Hammond was one of the robbers, and he was arrested by the police of Spokane at the suggestion of the agents of the Northern Pacific Railway Company, and one of its detectives. After the arrest, Palmer and McFetridge desired to get possession of the property that had been taken from the possession of Hammond for evidentiary purposes, to be used in the trial of Hammond in Montana on the charge of train robbery, and the chief of police, refusing to turn over the property to them without the consent of the attorney, the following agreement was entered into with said attorney:

40—43 WASH.

"It is hereby agreed that we will immediately after the final trial of George F. Hammond, on the charge of train robbery, at Bearmouth, Montana, turn over to George M. Nethercutt all property now held by the officers as the property of said George F. Hammond, including $600 in money, excepting 18 unset diamonds, excepting diamond ring, providing same is identified."    (Signed by Palmer and Mc-Fetridge.)

The property described in the agreement was delivered to Palmer pursuant thereto, and taken out of the state of Washington and has never been returned, although demand therefor has been made. After the making of the contract above, Nethercutt conveyed in writing to appellant his right under said contract. Upon the refusal of the respondent to return the property, this action was brought for conversion, based upon the agreement. Judgment was rendered in favor of the plaintiff, the appellant here, for $50. This represented the value of the property which was not identified as the property of the railroad company.

There are several assignments of error in this case, but, as we view the law, it is not necessary to discuss them specifically. The main contention of the appellant is that the company rendered itself responsible for the return of the property by reason of the agreement above set forth. The cause of action is founded upon Hammond's ownership of the property and the sale of it to Nethercutt, and the sale by Nethercutt to appellant. This agreement, it seems to us, was without consideration. Nethercutt had no right to demand such an agreement of the owner of the property. The property was not even in the possession of Nethercutt, but was property that was in the custody of the law; and nowhere does it appear in the trial of the cause that the property ever was the property of Hammond, but it does appear that it was the property of the respondent or property which was rightfully in its custody and control. That appearing upon the trial, Nethercutt or his assignee could not be injured, because

the only injury to them must of necessity result from the fact presumed of ownership in Hammond. There can be no equities in favor of the appellant in this case, for Nethercutt was counsel for Hammond who was defending against the charge of bringing this identical stolen property into the state. These were facts sufficient to put Nethercutt on inquiry as to the rights of the true owner and as to the fact of whether or not Hammond was the owner of the property, and being in a confidential relation with the thief, he must be presumed to have known the actual facts. Again, the property being conceded to be the property of the respondent, it could recover it, even if it had been returned under the agreement. So that it would be an idle thing to reverse this case where the reversal could only end in litigation which, in its ultimate result, would amount to that which is brought about by the judgment appealed from.

The judgment is affirmed.

MOUNT, C. J., ROOT, CROW, RUDKIN, FULLERTON, and HADLEY, JJ., concur.